**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY D. RICE,

      Petitioner-Appellant,

v.

DAVID MCKUNE; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

      Respondents-Appellees.

No. 01-3130
(D.C. No. 97-CV-3437)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** and **ANDERSON** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jerry D. Rice, a Kansas inmate, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Rice was convicted of first degree murder and sentenced to life imprisonment for the murder of his wife. His conviction was affirmed on appeal to the Kansas Supreme Court. *State v. Rice*, 932 P.2d 981 (Kan. 1997).

Rice then filed his federal § 2254 habeas petition. The district court denied habeas relief. The district court granted a certificate of appealability (COA) with respect to Rice's claim that he received ineffective assistance of counsel, thus permitting him to proceed on appeal. *See* 28 U.S.C. § 2253(c)(1)(A) and (B). Rice has filed a supplemental request for an expanded COA on five additional issues. We deny Rice's request for an expanded COA and affirm.

The relevant facts of this case are fully and accurately described in the Kansas Supreme Court's thirty-page published opinion and the district court's thorough, thirty-eight page order of March 28, 2001. Therefore, we will not repeat them here. Rice contends on appeal that he received ineffective assistance of counsel when his trial counsel advised him not to testify based on the erroneous belief that Rice's felony convictions would be introduced against him if Rice testified. Rice raised this ineffective assistance of counsel claim on appeal to the Kansas Supreme Court. After remanding the issue to the state trial court for an evidentiary hearing, the Kansas Supreme Court ruled that Rice's counsel's

-2-

advice was unreasonably deficient because it was not based on any justifiable strategic considerations, but on counsel's ignorance of a Kansas evidentiary rule that generally prohibits the admission of a defendant's prior felonies. *Rice*, 932 P.2d at 1008. The state court concluded, however, that Rice was not prejudiced by this deficient performance. *Id.* at 1008-09.

The Kansas Supreme Court reached its conclusion that Rice was not prejudiced after a detailed analysis and comparison of all of the testimony presented to the jury with Rice's proffered testimony. It concluded that the proffered testimony would not have added to or substantiated the testimony of the defense witnesses, would not have countered the "devastating" testimony of a key prosecution witness, or amplified any inconsistent testimony by other prosecution witnesses. *Id*. at 1009. The state court also based its conclusion on the fact that the majority of Rice's proffered testimony had been presented to the jury through a newspaper article admitted into evidence for which Rice had been interviewed at length and in which he gave his version of the events in question. *Id.* at 1008.

To be entitled to federal habeas relief, Rice must demonstrate that the state court's resolution of his ineffective assistance claim was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, or represented "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362,

412-13 (2000). The district court ruled that Rice did not make this showing. It noted that the state court correctly reviewed Rice's claim of ineffective assistance of counsel under the established Supreme Court precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, there was a reasonable probability that the result of the trial would have been different. *Id*. at 694. The district court thoroughly examined all of the testimony presented to the jury as well as the evidence Rice claims he would have presented had he testified, as the state court had previously done. After a detailed analysis, the district court agreed with the state court that most of Rice's proffered testimony was presented to the jury from other witnesses and sources, and that Rice's "proffered testimony does little or nothing to refute the strong evidence that he beat and killed his wife and disposed of her body." District Court Order, R. Doc. 36, at 29. The district court concluded that the Kansas Supreme Court's denial of Rice's claim was neither contrary to nor an unreasonable application of Supreme Court precedent, nor the result of an unreasonable determination of the facts.

We have reviewed the appellate briefs and the entire record on appeal. Because we agree with the district court's thorough and well-reasoned assessment of Rice's ineffective assistance of counsel claim, we decline to duplicate the same

analysis here. We agree with its conclusion that Rice has failed to establish a reasonable probability that his proffered testimony would have altered the outcome of the trial. We further agree that counsel's performance does not represent the sort of breakdown in the adversary process that might trigger a presumption of prejudice, as Rice claims. *See United States. v. Cronic*, 466 U.S. 648, 659 (1984) (recognizing that prejudice can be presumed where counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing"). Thus, for substantially the same reasons stated in the district court's March 28, 2001 order, we agree that Rice was not denied effective assistance of counsel and is not entitled to habeas relief under § 2254(d). [1]

Rice has filed a request for an expanded COA on his claims that: (1) he was denied due process with respect to the state's notice under Kan. Stat. Ann. 21-4627 that it intended to seek a mandatory forty-year prison sentence; (2) he was denied the right to testify; (3) his due process and confrontation rights were violated by the admission of certain evidence; and (4) he was denied the right to an impartial jury, claiming that some jurors hugged members of the victim's family prior to sentencing. Our review of the supplemental application for COA

---

[1]    We do not address Rice's claim that his counsel provided ineffective assistance of counsel at the sentencing phase, as this claim was not presented to the Kansas court or the federal district court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971) (holding that "the substance of a federal habeas corpus claim must first be presented to the state courts").

and the record demonstrates that Rice's claims are not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, Rice has failed to make the "substantial showing of the denial of a constitutional right" required for a COA. 28 U.S.C. § 2253(c)(2).

Rice's request for an expanded COA is DENIED. The state's motion to supplement the record is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge